1  | **CARL E. DOUGLAS, Esq., State Bar No. 097011**
**THE DOUGLAS FIRM**
2  | **A Professional Corporation**
8484 Wilshire Boulevard, Suite 548
3  | Beverly Hills, California 90211
(323) 655-6505   Fax: (323) 651-4990
4  | carl@thedouglasfirm.com

5  | **Drew R. Antablin, Esq., State Bar No. 75710**
**Andrea D. Bruce, Esq., State Bar No. 256561**
6  | **ANTABLIN & BRUCE,  Law Partnership**
8484 Wilshire Boulevard, Suite 548
7  | Beverly Hills, California 90211
(323)651-4490   Fax: (323) 651-4990
8  | antablin@sbcglobal.net

9  | Attorney for Plaintiffs **ELWOOD TIMOTHY WHITE** , Individually
and as Successor-in-Interest to the **ESTATE OF ELWOOD EDWARDS WHITE,**
10 | **AND DARLEEN EDWARDS WHITE**

11

12 | **UNITED STATES DISTRICT COURT**

13 | **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 | ELWOOD TIMOTHY WHITE ,    ) CASE NO.   13-cv-1166-MMA(RBB)
Individually, and as Successor-in-Interest   )
16 | to the Estate of Elwood Edwards White,   ) **FIRST AMENDED COMPLAINT**
and DARLEEN EDWARDS WHITE   ) **FOR DAMAGES**
17 |                                         )
                *Plaintiffs,*              ) 1. Civil Rights Violations
18 |                                         )    (42 U.S.C. § 1983);
         v.                                )
19 |                                         ) 2. Discrimination/Civil Rights
COUNTY OF SAN DIEGO, MICHAEL   )    Violations (Civil Code § 51.7)
20 | ASTORGA; CITY OF OCEANSIDE   )    (Survival Action);
and 20 Unknown Other Named   )
21 | Defendants,                              ) 3. Assault and Battery  (Govt Code
                                         )    § 815.2(a)) (Survival Action)
22 |                                         )
                *Defendants.*              ) 4. Wrongful Death
23 |                                         )
                                         ) 5. Negligence (Govt Code  § 815.2(a))
24 |                                         )    (Survival Action)
                                         )
25 | _____   ) **JURY TRIAL DEMAND**

26

27

28

# I.

## INTRODUCTORY ALLEGATIONS

1.   Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 1985 and § § 1331 and 1367(a).  Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

2.   Venue is proper in the Southern District of California and the County of San Diego under 42 U.S.C. § 1402(b) because the incidents alleged here occurred in this District.

3.   At all relevant times mentioned here,  Plaintiff ELWOOD TIMOTHY WHITE  ("TIMOTHY" or "Mr. WHITE") was a resident of Los Angeles County, California.   At all relevant times mentioned here, Plaintiff DARLEEN EDWARDS WHITE ("Mrs. WHITE") was a resident of Los Angeles County, California.  Mr and Mrs. WHITE are the natural mother and father of Decedent  ELWOOD NILE JAHAD JAME'S EDWARDS WHITE ("ELWOOD").  Mr. WHITE is the duly appointed Successor in Interest of the Estate of ELWOOD EDWARDS WHITE.

3.   ELWOOD NILE JAHAD JAME'S EDWARDS WHITE ("ELWOOD") was an African American male who was born May 1, 1990.

4.   At all relevant times mentioned here, the  Defendant COUNTY OF SAN DIEGO ("COUNTY") was a municipal corporation, organized and existing under the laws of the State of California.

5.   At all relevant times mentioned here, Defendant Deputy MICHAEL ASTORGA ("ASTORGA") was a resident of San Diego County, California. At all relevant times mentioned here, Defendant ASTORGA was a sheriff deputy employed by the COUNTY, and acting under color of law and within the course and scope of his employment with the COUNTY.

6.   At all relevant times mentioned here, the  Defendant CITY OF OCEANSIDE ("CITY") was a municipal corporation, organized and existing under

- 2 -

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | the laws of the State of California.

2 |     7.   Plaintiffs are unaware of the true names and capacities of those
3 | Defendants sued as 20 Unknown Other Named Defendants ("Unknown Defendants")
4 | and therefore sues these Defendants using their fictitious names. The Plaintiffs will
5 | amend this complaint to allege each Unknown Defendant's true name and capacity
6 | when that information becomes known. The Plaintiffs are informed and believes
7 | that each of these Unknown Defendants is legally responsible and liable for the
8 | incident, injuries and damages set forth here, and that each of these Defendants
9 | legally caused the injuries and damages by reason of the intentional, willful,
10 | deliberately indifferent, wanton, malicious or despicable conduct as described below.

11 |     8.   At all relevant times mentioned here, each of the Unknown Defendants 1
12 | through 10 was a sheriff deputy employed by the COUNTY, and was the agent,
13 | employee, and/or co-conspirator of each of the remaining Defendants, and in doing
14 | the things alleged here, was acting under color of law, within the course and scope of
15 | that agency, employment and/or conspiracy, and with the consent of each of their co-
16 | defendants.

17 |     9.   At all relevant times mentioned here, each of the Unknown Defendants 11
18 | through 20 was a police officer hired by the CITY, and was the agent, employee,
19 | and/or co-conspirator of each of the remaining Defendants, and in doing the things
20 | alleged here, was acting under color of law, within the course and scope of that
21 | agency, employment and/or conspiracy, and with the consent of each of their co-
22 | Defendants.

23 |     10.  This lawsuit concerns an incident that occurred on or about May 20, 2012,
24 | at about 1:30 p.m., at or near the 4900 block of Oceanside Blvd., Oceanside, CA.
25 | 92046. ELWOOD was walking down the street when he was approached by
26 | Defendant ASTORGA and at least four of the Unknown Defendants 11 - 20. After
27 | approaching him, the Defendants positioned themselves in a semi-circle around
28 | ELWOOD. Behind him was a tall chain link fence. One of the Unknown Defendants

- 3 -

FIRST AMENDED COMPLAINT FOR DAMAGES

1 was holding a trained police dog.  ELWOOD had no possible means of avoiding

2 arrest.  As ELWOOD grabbed a broom handle from a nearby truck,  Defendant

3 ASTORGA and the Unknown Defendants threatened to hit, strike and shoot him to

4 death.  As ELWOOD moved slightly, Defendant ASTORGA and Unknown

5 Defendants shot him in the chest.  As a legal result of this assault and battery,

6 ELWOOD sustained serious injury and damages to his mind and body and died later

7 that day.

8    11.  ELWOOD did not consent to this use of force against him.  Moreover,

9 prior to being shot and killed by the Defendant ASTORGA and Unknown Defendants

10 11-20,  ELWOOD had broken no felony laws or other serious crimes which would

11 have justified this use of  deadly force against him.  He had not posed any reasonable

12 threat of death or  serious bodily injury to Defendant  ASTORGA, the involved

13 Unknown Defendants,  or any other person, so as to justify this use of deadly  force

14 against him.

15    12.  Mr. and Mrs, WHITE  are informed and believe that ELWOOD's  race,

16 was a substantial factor leading to the Defendants' decision to assault, batter, and

17 shoot him.   None of the  Defendants who assaulted, battered, and shot ELWOOD

18 was African American. The Plaintiffs allege that given the identical circumstances to

19 which they were then presented, had ELWOOD been the same race as Defendant

20 ASTORGA and/or the Unknown Defendants, they would not have perceived

21 ELWOOD's actions as deadly,  justifying their use of deadly force against him.

22 Consequently, in choosing to exercise deadly force, ASTORGA and each of the

23 Unknown Defendants discriminated against ELWOOD on account of his race.

24    13.  Mr. and Mrs. WHITE are informed and believe that prior to the Defendant

25 ASTORGA and the Unknown Defendants shooting ELWOOD,  it was clear, or

26 through the exercise of reasonable diligence should have been clear, that ELWOOD

27 was then in the midst of some mental or  emotional crisis.  He was acting strangely

28 and muttering incoherently as the ASTORGA and the Unknown Defendants

- 4 -

1   surrounded him. The Plaintiffs allege that the Defendants COUNTY and CITY
2   failed to properly train ASTORGA and the other involved Defendants on non-lethal
3   and alternative ways of dealing with citizens who might then be suffering from some
4   mental or emotional illness, rather than by using deadly force. Alternatively,
5   ASTORGA and the other involved Defendants failed to implement the training they
6   had received from the COUNTY or CITY concerning less than lethal ways of dealing
7   with mentally ill citizens they may encounter.

8        14. Mr. and Mrs. WHITE are informed and believe that ELWOOD did not
9   die immediately after being shot in the chest by Defendant ASTORGA and the
10  Unknown Defendants. It was clear, or through the exercise of reasonable diligence
11  should have been clear, that immediately after he was shot, ELWOOD was then in
12  immediate need of medical attention. Nevertheless, the Defendant ASTORGA and
13  the Unknown Defendants who were present at the scene, negligently, wrongfully,
14  intentionally, and/or with a deliberate indifference to ELWOOD's rights and safety,
15  failed to immediately summon medical assistance to the scene to attend to his
16  injuries. This delay in seeking medical assistance demonstrated a conscious or
17  reckless disregard for ELWOOD's medical condition, and was a substantial factor in
18  causing his death.

19       15. On or about October 16, 2012, Mr. and Mrs. WHITE filed a timely Claim
20  for Damages against the COUNTY for injuries and damages arising out of
21  ELWOOD's death.

22       16. The COUNTY rejected the Claim on or about October 16, 2012, in a
23  letter dated November 30, 201.

24       17. On or about October 12, 2012, Mr. and Mrs. WHITE filed a timely Claim
25  for Damages against the CITY for injuries and damages arising out of ELWOOD's
26  death, which was rejected in a letter dated November 19, 2012.

27

28

- 5 -

## II.

## FOR THE FIRST CAUSE OF ACTION

## (PLAINTIFFS ELWOOD TIMOTHY WHITE , INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF ELWOOD EDWARDS WHITE, AND DARLEEN EDWARDS WHITE AGAINST DEFENDANTS MICHAEL ASTORGA, CITY OF OCEANSIDE, AND 20 UNKNOWN OTHER NAMED DEFENDANTS FOR VIOLATION OF FEDERAL CIVIL RIGHTS

## (42 U.S.C. §1983 and 28 U.S.C. §2679(2)(a))

18.   Mr. and Mrs. WHITE incorporate by reference the allegations in Paragraphs 1 through 17 above as if fully set forth here.

19.   This cause of action is designed to redress the deprivation, under color of law, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to ELWOOD by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

20.   At all relevant times mentioned here, the Defendant COUNTY employed the Defendants ASTORGA and Unknown Defendants 1 - 10 as deputy sheriff employees of the San Diego Sheriff's Department.  The COUNTY provided these employees and agents with official badges, identification, and uniforms which designated and described its bearer as a COUNTY employee.

21.   At all relevant times mentioned here, the Defendant CITY employed the Unknown Defendants 11 - 20 as police officer  employees of the Oceanside Police  Department.  The CITY provided these employees and agents with official badges, identification, and uniforms which designated and described its bearer as a CITY employee.

22.   On or about May 20, 2012, at the time and place described above, Defendant ASTORGA and Unknown Defendants 1 - 20  approached ELWOOD while standing on the street in Oceanside.  Defendant ASTORGA and Unknown

- 6 -

FIRST AMENDED COMPLAINT FOR DAMAGES

1   Defendants 1 - 20 then threatened to hit, strike and shoot ELWOOD with their

2   deadly weapons, and did in fact shoot him. As a result of this assault and battery,

3   ELWOOD sustained serious injury and damages to his mind and body and died on

4   May 20, 2012.

5          23.   ELWOOD did not consent to this use of force against him. Moreover, he

6   did nothing to justify being shot by Defendants ASTORGA or any of the Unknown

7   Defendants. He had committed no felony crime or serious offense, and had not posed

8   any reasonable threat of death or serious bodily injury to ASTORGA, the involved,

9   law enforcement officers, or any other person, so as to justify this use of deadly force

10  against him.

11         24.   Mr. and Mrs. WHITE are informed and believe that after ELWOOD was

12  shot in the chest, Defendant ASTORGA and each of the Unknown Defendants then

13  willfully and intentionally undertook to protect their fellow Defendants involved in

14  this incident from civil and criminal liability for their misconduct by covering up the

15  true facts of their interaction with ELWOOD, as well as the true facts leading to his

16  wrongful death, in violation of each of his constitutional rights. These facts include

17  but are not limited to: (a)  the preparation or approval of false reports concerning the

18  incident; (b) the giving of false statements to others investigating the incident; and (c)

19  intentionally and wilfully refraining from collecting or recording other evidence,

20  including statements from witnesses in the vicinity of the incident.

21         25.   The facts alleged above are part of the customs, practices, policies, and

22  decisions of the CITY including but not limited to the following:

23               (a)  Covering up the criminal and/or wrongful activities of fellow

24               law enforcement officers, by false reporting, false investigating,

25               perjury, dishonesty, and engaging in a "code of silence" in violation

26               of the rights and privileges of ELWOOD and other citizens

27               subjected to the use of unreasonable force and unreasonable

28               seizures of their person;

- 7 -

FIRST AMENDED COMPLAINT FOR DAMAGES

(b)  Inadequately and/or fraudulently investigating allegations of
misconduct by fellow law enforcement officers, including the use of
force, in order to cover-up and protect fellow officers from
disciplinary, criminal and civil actions in violation of ELWOOD's
rights and privileges;

(c)  Refusing to supervise, reprimand and/or discipline law
enforcement officers who engage in misconduct, contrary to the
laws, rules and regulations of the San Diego County Sheriff's
Department and the Oceanside Police Department, thus condoning
the use of force by its deputies, officers, and agents;

(d)  Tacitly approving  law enforcement officers using  their power
and position to interfere with ELWOOD's and other citizens' rights,
including the right to be free in their bodily integrity, and security in
their person.

26.   The above acts or omissions of each of the Defendants ASTORGA, and
Unknown Defendants 1 - 20 were undertaken while under the color of state law, and
resulted in the violation of ELWOOD's constitutional rights, as stated here.
Likewise, the customs, practices, policies, and decisions of the CITY alleged here
and as applied to ELWOOD under these facts, has resulted in a violation of his
constitutional rights.

27.   ELWOOD  had a liberty interest to be free from the use of excessive force
against him.   These rights and privileges were secured to him by the provisions of
the First and Fourth Amendments and the due process clauses of the Fifth and
Fourteenth Amendments to the United States Constitution, and by 42 United States
Code § 1983. All of these interests were implicated by ASTORGA's and the
Unknown Defendants'  wrongful conduct which legally caused Mr. and Mrs.
WHITE's damages, injuries, and harms.

- 8 -

28.   Defendants ASTORGA, CITY and Unknown Defendants 1 - 20, acted outside the scope of their jurisdiction and without legal authorization. Each of the Defendants, separately and in concert with each other, acted willfully, intentionally, knowingly, and/or with reckless disregard and callous indifference to deprive ELWOOD of his rights and privileges, and did in fact violate these rights and privileges.

29.   As a direct and legal result of these acts, omission, customs, practices, policies and decisions of ASTORGA and each of the Defendants, ELWOOD's civil rights were violated when he was shot in his chest and died.

30.   As a further legal result of the actions and  failures to act as described above, Mr. and Mrs. WHITE sustained pecuniary damages resulting from the loss of the love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance,  and financial support from their son ELWOOD, all in an amount to be determined according to proof at trial.

31.   As a further legal result of the conduct of each of these Defendants, Mr. WHITE  has incurred medical, funeral and burial expenses connected with ELWOOD's death, all in an amount to be determined according to proof at trial.

32.   The above-described acts committed by ASTORGA and each of the Unknown Defendants were carried out with a conscious disregard for ELWOOD's safety.  At worse, ELWOOD's mere possession of a broom handle did not reasonably create a deadly threat justifying the use of deadly force.   In fact, Defendant ASTORGA and the Unknown Defendants  wrongly perceived that ELWOOD was then creating a deadly threat solely because ELWOOD was  African American. Accordingly, the Defendants' use of deadly  force under these circumstances was excessive, unlawful, malicious, oppressive, and done with a deliberate indifference to ELWOOD's rights, justifying the imposition of punitive damages against ASTORGA and the individual Defendants.

FIRST AMENDED COMPLAINT FOR DAMAGES

33. Mr. and Mrs. WHITE are entitled to and demand trial costs, attorney fees, and litigation expenses incurred prosecuting this action, all in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988.

## III.

## FOR THE SECOND CAUSE OF ACTION

**(PLAINTIFFS ELWOOD TIMOTHY WHITE , INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF
ELWOOD EDWARDS WHITE, AND DARLEEN EDWARDS WHITE
AGAINST DEFENDANTS
MICHAEL ASTORGA,  CITY OF OCEANSIDE,
AND 20 UNKNOWN OTHER NAMED DEFENDANTS
FOR DISCRIMINATION/CIVIL RIGHTS VIOLATIONS
UNDER THE RALPH CIVIL RIGHTS ACT,
*Civil Code § 51.7* and *52*) (SURVIVAL ACTION)**

34. Mr. and Mrs. WHITE incorporate by reference the allegations in paragraphs 1 through 33 above as if fully set forth here.

35. As stated above, Mr. and Mrs. WHITE  are informed and believe that ELWOOD's  race  was a substantial factor leading to the Defendants' decision to assault, batter, and shoot him.   None of the  Defendants who assaulted, battered, and shot ELWOOD was African American. The Plaintiffs allege that given the identical circumstances to which they were then presented, had ELWOOD been the same race as Defendant ASTORGA and/or the Unknown Defendants, they would not have perceived ELWOOD's actions as a deadly threat,  justifying their use of deadly force against him.

36.  In committing the acts of assault and battery as described above, each of the Defendants ASTORGA and Unknown  Defendants 1 through 20 violated ELWOOD'S rights to be free from violence and threats of violence because of his

1 race, as guaranteed him by *California Civil Code* § 51.7.

2    37.  As a legal result of this unjustified use of deadly force, ELWOOD died

3 from the gunshot wound to the chest he sustained in this shooting. As a further legal

4 result of the actions and  failures to act as described above, Mr. and Mrs. WHITE

5 sustained pecuniary damages resulting from the loss of the love, comfort, society,

6 care, assistance, protection, companionship, attention, moral support, training,

7 guidance,  and financial support from their son ELWOOD,  all in an amount to be

8 determined according to proof at trial.

9    38.  The above-described acts committed by ASTORGA and each of the

10 Unknown Defendants were carried out with a conscious disregard for ELWOOD's

11 safety.  At worst, ELWOOD's mere possession of a broom handle did not reasonably

12 create a deadly threat justifying the use of deadly force.  In fact, Defendant

13 ASTORGA and the Unknown Defendants  wrongly perceived that ELWOOD was

14 then creating a deadly threat solely because ELWOOD was  African American.

15 Accordingly, the Defendants' use of deadly  force under these circumstances was

16 excessive, unlawful, malicious, oppressive, and done with a deliberate indifference to

17 ELWOOD's rights, justifying the imposition of punitive damages against Defendant

18 ASTORGA and the individual Unknown Defendants pursuant to *Civil Code* §

19 52(b)(1).

20    39.  As a further legal result of the conduct described here, Mr. and Mrs.

21 WHITE has incurred funeral, burial, and other expenses, all in an amount to be

22 determined according to proof at trial.

23    40.  In doing the acts alleged in this complaint, each of the Defendants

24 ASTORGA and the Unknown Defendants knew or should have known that their

25 actions were likely to injure ELWOOD. Mr. WHITE is informed and believes, and

26 on that basis alleges, that each of the Defendants intended to cause ELWOOD  injury

27 and acted with a willful and conscious disregard of ELWOOD'S rights as secured by

28 *Civil Code* § 51.7.  ELWOOD was merely standing while holding a broom handle

- 11 -

FIRST AMENDED COMPLAINT FOR DAMAGES

1 and had not displayed any reasonable act of deadly aggression or other serious

2 misconduct to justify the use of deadly force against him.

3      41. As a further legal result of this civil rights violation, the Mr. and Mrs.

4 WHITE seek the award of reasonable attorney fees as provided for in *Civil Code* §§

5 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

6

7 **V.**

8 **FOR THE THIRD CAUSE OF ACTION**

9 **(PLAINTIFFS ELWOOD TIMOTHY WHITE**

10 **AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF**

11 **ELWOOD EDWARDS WHITE AGAINST**

12 **DEFENDANTS COUNTY OF SAN DIEGO,**

13 **MICHAEL ASTORGA, CITY OF OCEANSIDE,**

14 **AND 20 UNKNOWN OTHER NAMED DEFENDANTS**

15 **FOR ASSAULT AND BATTERY,** *GOVT. CODE* **§ 815.2(A))**

16 **(SURVIVAL ACTION)**

17      42. Mr. WHITE incorporates by reference the allegations in paragraphs

18 1through 41 above as if fully set forth here.

19      43. On or about May 20, 2012, at the time and place described above,

20 ELWOOD was threatened with being struck, hit, and shot by Defendants ASTORGA

21 and Unknown Defendants 11 - 20, and in fact was shot by ASTORGA and Unnamed

22 Defendants 11- 20 resulting in ELWOOD'S death.

23      44. As a result of ELWOOD's death by reason of his being assaulted and

24 battered, funeral and burial expenses have been incurred by Plaintiff Mr. WHITE in

25 his capacity as Successor-in-Interest.

26      45. As a further legal result of the conduct described here, prior to his death,

27 ELWOOD and/or Mr. White had to incur expenses to hire medical practitioners to

28 examine treat and care for ELWOOD, all in an amount to be determined according to

1  proof at trial.

2      46.   ELWOOD did nothing to justify this use of deadly force against him.

3  when he was shot. He had not displayed any reasonable act of deadly aggression or

4  other deadly conduct against any other person that day  to justify the use of deadly

5  force against him. Accordingly, the Defendants' use of deadly force under these

6  circumstances was excessive, unlawful, malicious, oppressive, and with a deliberate

7  indifference to ELWOOD'S rights and safety; thereby justifying the imposition of

8  punitive damages against ASTORGA and the individual Defendants.

9

10                                          **VI.**

11                    **FOR THE FOURTH CAUSE OF ACTION**

12           **(PLAINTIFFS ELWOOD TIMOTHY WHITE , INDIVIDUALLY**

13              **AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF**

14          **ELWOOD EDWARDS WHITE, AND DARLEEN EDWARDS WHITE**

15                     **AGAINST DEFENDANTS COUNTY OF SAN DIEGO,**

16                      **MICHAEL ASTORGA,  CITY OF OCEANSIDE,**

17                    **AND 20 UNKNOWN OTHER NAMED DEFENDANTS**

18               **FOR WRONGFUL DEATH *GOVT. CODE* § 815.2(A))**

19      47.  Mr. and Mrs WHITE  incorporate by reference the allegations in

20  paragraphs 1 through 46 above as if fully set forth here.

21      48.  On and before May 20, 2012, Mr.  and Mrs. WHITE was each an  heir at

22  law of ELWOOD EDWARDS WHITE, entitled to bring this action pursuant to

23  California *Code of Civil Procedure* § 377.60(a)(b).

24      49.  On or about May 20, 2012 at approximately 1:30 p.m., ELWOOD was

25  stopped by the Defendants at or near the place described above in the city of San

26  Diego, CA.   At that time, ELWOOD was assaulted, battered, and shot in the chest

27  by the Defendant ASTORGA and Unknown Defendants 11 - 20,  resulting in

28  ELWOOD'S death.

- 13 -

50.   ELWOOD did nothing to justify this use of deadly force against him. He had not posed any reasonable threat of death or serious bodily injury to the officers or any other person, so as to justify this use of deadly force against him. Consequently, this use of deadly force against ELWOOD was wrongful, unlawful, and in wilful disregard of ELWOOD'S rights.

51.   Mr. and Mrs. WHITE are informed and believe that ELWOOD did not die immediately after being shot.  Instead, he was alive for some time after being shot and it was clear, or through the exercise of reasonable diligence should have been clear, that ELWOOD was then in immediate need of medical attention.  Nevertheless, Defendant ASTORGA and each of the other Unknown Defendant employees of the COUNTY and CITY who were present at the scene of the shooting, wrongfully, negligently, intentionally, and/or with a deliberate indifference to the ELWOOD'S' rights and safety,  failed to immediately summon medical assistance to the scene to attend to ELWOOD'S injuries.

52.   The Plaintiffs are informed and believe this delay in seeking medical assistance demonstrated a conscious disregard for ELWOOD'S medical condition, and was a contributing factor in his death.

53.   As a legal result of the Defendants' conduct as described here, and ELWOOD'S subsequent death, Mr. ELWOOD TIMOTHY WHITE has sustained pecuniary damages resulting from the loss of ELWOOD'S love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance,  and financial support, all in an amount to be determined according to proof at trial.

54.   As a further legal result of the Defendants' conduct as described here, and ELWOOD'S subsequent death, DARLEEN EDWARDS WHITE has sustained pecuniary damages resulting from the loss of ELWOOD's love, comfort, society, care, assistance, protection, companionship, attention, moral support, training, guidance,  and financial support, all in an amount to be determined according to

- 14 -

1    proof at trial.

2        55.  As a further legal result from the conduct described here, Mr. WHITE has

3    incurred expenses to hire psychiatrists, psychologists, and physicians to examine treat

4    and care for im in the past, and may need to do so in the future, all in an amount to be

5    determined according to proof at trial.

6        56.  As a further legal result from the conduct described here, Mrs. WHITE

7    has incurred expenses to hire psychiatrists and psychologists to examine treat and

8    care for her, all in an amount to be determined according to proof at trial.

9        57.  As a further legal result of each of these Defendants' conduct, Mr. and

10   Mrs. WHITE has lost earnings in the past, and are likely to lose earnings in the

11   future, all in an amount to be determined according to proof at trial.

12       58.  As a further legal result of the conduct of each of these Defendants, Mr.

13   and Mrs. WHITE have incurred funeral and burial expenses, all in an amount to be

14   determined according to proof at trial.

15

16                                **VIII.**

17                  **FOR THE FIFTH CAUSE OF ACTION**

18          **(PLAINTIFFS ELWOOD TIMOTHY WHITE , INDIVIDUALLY**

19              **AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF**

20       **ELWOOD EDWARDS WHITE, AND DARLEEN EDWARDS WHITE**

21              **AGAINST DEFENDANTS COUNTY OF SAN DIEGO,**

22                 **MICHAEL ASTORGA,  CITY OF OCEANSIDE,**

23             **AND 20 UNKNOWN OTHER NAMED DEFENDANTS**

24            **FOR NEGLIGENCE** *GOVT. CODE*  **§ 815.2(A))**

25       59.  Mr. and Mrs. WHITE incorporates by reference the allegations in

26   Paragraphs 1 through 31, above, as if fully set forth here.

27       60.  On or about May 20, 2012, each of the Defendants ASTORGA and

28   Unknown Defendants 1 - 20, negligently, carelessly, and mistakenly investigated

                                  - 15 -

1   ELWOOD's presence at the location described above in San Diego County,

2   California. Each of these Defendants negligently concluded that ELWOOD posed a

3   deadly threat to the safety of each of the Defendants, resulting in his being shot in the

4   chest and dying.

5       61.  As an alternative theory of recovery, each of the Defendants ASTORGA

6   and Unknown Defendants pointed their loaded handgun at ELWOOD. The gun then

7   discharged unintentionally, resulting in ELWOOD being shot in the chest and dying.

8       62.  As a legal result of the Defendants' conduct as described here, and

9   ELWOOD'S subsequent death, Mr. ELWOOD TIMOTHY WHITE has sustained

10   pecuniary damages resulting from the loss of ELWOOD'S love, comfort, society,

11   care, assistance, protection, companionship, attention, moral support, training,

12   guidance,  and financial support, all in an amount to be determined according to

13   proof at trial.

14       63.  As a further legal result of the Defendants' conduct as described here, and

15   ELWOOD'S subsequent death, DARLEEN EDWARDS WHITE has sustained

16   pecuniary damages resulting from the loss of ELWOOD's love, comfort, society,

17   care, assistance, protection, companionship, attention, moral support, training,

18   guidance,  and financial support, all in an amount to be determined according to

19   proof at trial.

20       64.  As a further legal result from the conduct described here, Mr. WHITE has

21   incurred expenses to hire psychiatrists, psychologists, and physicians to examine treat

22   and care for im in the past, and may need to do so in the future, all in an amount to be

23   determined according to proof at trial.

24       65.  As a further legal result from the conduct described here, Mrs. WHITE

25   has incurred expenses to hire psychiatrists and psychologists to examine treat and

26   care for her, all in an amount to be determined according to proof at trial.

27       66.  As a further legal result of each of these Defendants' conduct, Mr. and

28   Mrs. WHITE have lost earnings in the past, and is likely to lose earnings in the

- 16 -

future, all in an amount to be determined according to proof at trial.

67.   As a further legal result of the conduct of each of these Defendants, Mr. and Mrs. WHITE have incurred funeral and burial expenses, all in an amount to be determined according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgement against the Defendants as follows:

## FOR THE FIRST CAUSE OF ACTION

1.   For general damages in an amount to be determined according to proof at trial;

2.   For medical and related expenses in an amount to be determined according to proof at trial;

3.   For punitive damages against ASTORGA and the individual defendants in an amount to be determined according to proof at trial;

4.   For costs, attorney fees and expenses in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412.

## FOR THE SECOND CAUSE OF ACTION

1.   For general damages in an amount to be determined according to proof at trial;

2.   For medical and related expenses in an amount to be determined according to proof at trial;

3.   For punitive damages against each of the individual Defendants.

4.   For costs, attorney fees and expenses pursuant to *Civil Code* §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES

## FOR THE FOURTH CAUSE OF ACTION

1.  For general damages in an amount to be determined according to proof at trial;

2.  For medical and related expenses in an amount to be determined according to proof at trial; and

4.  For punitive damages against each of the individual Defendants.

## FOR THE FIFTH CAUSE OF ACTION

1.  For general damages in an amount to be determined according to proof at trial; and

2.  For medical and related expenses in an amount to be determined according to proof at trial.

Dated : September 4, 2013

Respectfully submitted,

THE DOUGLAS FIRM
ANTABLIN & BRUCE

By _Carl E. Douglas_

CARL E. DOUGLAS
Attorney for Plaintiffs **ELWOOD
TIMOTHY WHITE** , Individually
and as Successor-in-Interest to the
**ESTATE OF ELWOOD EDWARDS
WHITE, and DARLEEN EDWARDS
WHITE**

- 18 -

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury on all issues in this matter.

3

Dated : September 4, 2013                    Respectfully submitted,

4

5                                            THE DOUGLAS FIRM
                                             ANTABLIN & BRUCE
6

7      By _____
       CARL E. DOUGLAS
8      Attorney for Plaintiffs **ELWOOD
       TIMOTHY WHITE** , Individually
9      and as Successor-in-Interest to the
       **ESTATE OF ELWOOD EDWARDS
10     WHITE, and DARLEEN EDWARDS
       WHITE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

FIRST AMENDED COMPLAINT FOR DAMAGES